# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOHN CURLEE,<br><br>  Plaintiff,<br><br>  v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>  Defendant. | Case No. 1:23-cv-01116-KES-SKO<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS CASE BE DISMISSED AS DUPLICATIVE OF 1:22-cv-01593-JLT-BAM<br><br>(Doc. 1)<br><br>FOURTEEN DAY DEADLINE |

### I.  INTRODUCTION

Larry John Curlee ("Plaintiff") is proceeding *pro se* in this civil rights action against the Social Security Administration.

The undersigned finds that this case, Case No. 1:23-cv-01116-KES-SKO, filed by Plaintiff on July 27, 2023, is duplicative of *Curlee v. Social Security Administration*, Case No. 1:22-cv-01593-JLT-BAM, filed by Plaintiff on December 13, 2022. Accordingly, the undersigned recommends that this case, Case No. 1:23-cv-01116-KES-SKO, be dismissed as duplicative of the first-filed case, Case No. 1:22-cv-01593-JLT-BAM.

### II.  PROCEDURAL BACKGROUND

A.  <u>First-Filed Case (1:22-cv-01593-JLT-BAM)</u>

On December 13, 2022, Plaintiff filed a civil rights case in this Court, which was assigned Case No. 1:22-cv-01593-JLT-GSA-PC, along with an application to proceed *in forma pauperis*.

(Docs. 1 & 2.)  The then-assigned magistrate judge granted Plaintiff's application to proceed in forma pauperis on March 22, 2023.  (Doc. 6.)

On August 31, 2023, the case designation was changed from a prisoner civil rights action ("PC") to a regular civil case and the case was reassigned to Magistrate Judge Barbara A. McAuliffe, with the case number 1:22-cv-01593-JLT-BAM.  (Doc. 7.)  Magistrate Judge McAuliffe entered findings and recommendations to dismiss Plaintiff's complaint without leave to amend on April 22, 2024 (Doc. 8), to which Plaintiff filed objections on May 1, 2024 (Doc. 10).

B.     Later-Filed Case (1:23-cv-01116-KES-SKO)

On July 27, 2023, Plaintiff filed a civil rights complaint initiating the present case in this Court, which was assigned Case No. 1:23-cv-01116-GSA-PC.  (Doc. 1.)  After being ordered to do so (Doc. 3), Plaintiff paid the $402.00 filing fee in full for the case.  (*See* Docket.)  The case was reassigned to the then-district judge on August 4, 2023, bearing case number 1:23-cv-01116-ADA-GSA-PC.  (Doc. 5.)

On September 7, 2023, the case designation was changed from a prisoner civil rights action ("PC") to a regular civil case and the case was reassigned to the undersigned magistrate judge  (Doc. 6.)  The case was assigned to the current district judge, District Judge Kirk E. Sherriff, on March 14, 2024, with the case number 1:23-cv-01116-KES-SKO.  A scheduling conference is currently set for May 23, 2024, before the undersigned.  (*See* Doc. 17.)

### III.     LEGAL STANDARD

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" *Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell,* 553 U.S. 880 (2008) (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)).  "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 497 F.3d at 688 (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000)).  *See also Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997)

1  (citing *Walton v. Eaton Corp*., 563 F.2d 66, 70–71 (3d Cir. 1977)).

2  "Plaintiffs generally have 'no right to maintain two separate actions involving the same
3  subject matter at the same time in the same court and against the same defendant.'" *Adams*, 497
4  F.3d at 688 (quoting *Walton*, 563 F.2d at 70).

5  In assessing duplicative lawsuits, "we examine whether the causes of action and relief
6  sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689. "Under
7  the first part of the duplicative action test, [t]o ascertain whether successive causes of action are the
8  same, [a court should] use the transaction test, developed in the context of claim preclusion [and
9  articulated in Adams]." *In re Consol. Salmon Cases*, 688 F. Supp. 2d 1001, 1007 (E.D. Cal. 2010)
10 (internal quotation marks omitted). "[A] suit is duplicative if the claims, parties, and available relief
11 do not significantly differ between the two actions." *Morris v. Mini*, No. 2:12-cv-1774-TLN-DMC
12 (PC), 2019 WL 3425277, at *10 (E.D. Cal. July 30, 2019) (quoting *Adams*, 487 F.3d at 689) (internal
13 quotation marks omitted).

### IV.    DISCUSSION

15 A review of the two cases shows that the parties, causes of actions, and relief sought are the
16 same, and the later-filed case, Case No. 1:23-cv-01116-KES-SKO, should be dismissed as
17 duplicative of Case No. 1:22-cv-01593-JLT-BAM.

18 Plaintiff's complaint in Case No. 1:22-cv-01593-JLT-BAM and the complaint in the present
19 case, Case No. 1:23-cv-01116-KES-SKO, are <u>identical</u>. Both contain 36 pages comprised of 109
20 paragraphs; name the same defendant (Social Security Administration); allege the same nine causes
21 of action; request the same relief; and are dated December 2, 2022. (*Compare* Case No. 1:22-cv-
22 01593-JLT-BAM, Doc. 1 *with* Case No. 1:23-cv-01116-KES-SKO, Doc. 1.)

23 "[A] suit is duplicative if the claims, parties, and available relief do not significantly differ
24 between the two actions." *Morris*, 2019 WL 3425277, at *10. Here, it appears the same complaint
25 was filed in both actions.[1] Based on the foregoing, the undersigned finds the cases to be duplicative.

26 Accordingly, the undersigned recommends that Case No. 1:23-cv-01116-KES-SKO, which

---

[1] Plaintiff appears to acknowledge the duplicative nature of the two actions in the objections he filed in Case No. 1:22-cv-01593-JLT-BAM. (*See* id. Doc. 9 at 1) ("Plaintiff notes that there are apparently 2 case numbers associated with this Complaint").)

was filed after Case No. 1:22-cv-01593-JLT-BAM, be dismissed as duplicative.

## V.     FINDINGS AND RECOMMENDATIONS

The Court finds that the present case, Case No. 1:23-cv-01116-KES-SKO, is duplicative of *Curlee v. Social Security Administration*, Case No. 1:22-cv-01593-JLT-BAM, and should be dismissed.

Accordingly, IT IS RECOMMENDED that:

1.  This case, Case No. 1:23-cv-01116-KES-SKO, be DISMISSED as duplicative of *Curlee v. Social Security Administration*, Case No. 1:22-cv-01593-JLT-BAM; and

2.  The Clerk of Court be directed to administratively CLOSE this case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  <u>Within fourteen (14) days of service of these findings and recommendations</u>, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 6, 2024**                          /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE

4